IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

```
UNITED STATES OF AMERICA        )
                                )
                                )     1:03cr163 (LMB)
v.                              )     1:04cv822
                                )
ADEOYE OYENAME,                 )
                                )
          Defendant.            )
```

MEMORANDUM OPINION

Before the Court is the pro se defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, to which the government has filed a response and the defendant has filed a traverse. Based on the information in these pleadings and the record, the Court finds no need for an evidentiary hearing and that for the reasons discussed below, defendant's Motion will be dismissed.

I.   Procedural Background

On June 6, 2003, the defendant, who was represented by Assistant Federal Public Defender (AFPD) Ivan D. Davis, entered guilty pleas pursuant to a written plea agreement to Counts 1 and 8 of an eight count indictment. Count 1 charged defendant with conspiring with Prince Sualley, Cynthia Duncan, and others from May 2001 through March 2003 to commit bank fraud in violation of 18 U.S.C. § 371. Count 8 charged a substantive bank fraud offense occurring on April 23, 2002, in violation of 18 U.S.C. § 1344. Among other penalties, defendant was exposed to, a sentence of up to 5 years imprisonment on count 1 and 30 years imprisonment on

Count 8.

On August 22, 2003, defendant was sentenced to 60 months imprisonment concurrent on each count, followed by three years of supervised release, a condition of which was that defendant cooperate with immigration authorities in any removal proceedings brought against him.  On July 12, 2004, defendant, pro se, timely filed this § 2255 motion.  In its response, the government attached a seven page affidavit from AFPD Davis.  Defendant was advised of his right to reply to the response, in accordance with Roseboro v. Garrison, 528 F2d. (4th Cir. 1975) and Local Rule 7(k).  In particular, he was advised of his right to present evidence via affidavits, to refute the government's evidence.  On September 15, 2004, defendant filed a seven page "traverse", however, no affidavits or other evidence were submitted.

II.  DISCUSSION

Defendant raises two sets of claims in his § 2255 motion. First, he alleges that his attorney was constitutionally ineffective by failing: 1) to file a notice of appeal after being instructed to do so; 2) to request a two level reduction to the offense level based on defendant's agreement to forfeit immigration rights; and 3) to argue for a two level adjustment to the offense level due to defendant's status as a deportable alien.  Second, defendant complains that his sentence was illegal in light of Blakely v. Washington, __ U.S. __, 124 S.Ct. 2531 (2004) because the Court enhanced his sentence based on facts not proven beyond a

reasonable doubt.

All of movant's claims focus on his dissatisfaction with his sentence. He does not, for example, argue that he is innocent of the crimes to which he pled guilty or that his guilty pleas were in any respect involuntary or otherwise defective. He also does not complain of any ineffective performance by his counsel in negotiating the particular plea agreement, even though that plea agreement included an explicit waiver of defendant's right to appeal any sentence as long as the sentence did not exceed the statutory maximum.

During the Fed. R. Crim. P. 11 plea colloquy, defendant, who was under oath, admitted being a 32 years old Nigerian citizen who had completed two years of college in England. Transcript of June 6, 2003 plea hearing (Pl. Tr.) at 3. Defendant acknowledged reading and completely understanding the entire twelve page plea agreement. Id. at 4-5. He denied having any questions about the plea agreement and stated that his attorney had answered all his questions. Id. at 5. He also affirmed that he was "fully satisfied" with the way in which AFPD Davis had represented him. Id. at 19. Defendant acknowledged that the loss to the victim banks was between $200,000 and $350,000 and that he could be required to make restitution for the full amount of the loss. Pl. Tr. at 11. The Court reviewed guideline sentencing with defendant and explained, among other matters, that defendant's guideline score could increase if the scheme were complex or if defendant had

3

a management role in the conspiracy.  Tr. at 13.  The Court also explained that whatever counsel may have told defendant about possible guideline scores or the resulting sentences, such discussions did not bind the Court and that if he received a sentence that differed from what he was expecting or hoping for, defendant could not withdraw his guilty pleas.

> THE COURT: Now, do you understand – and this is also written in your plea agreement, but I want to make sure that you understand it – that no matter what Mr. Davis has told you his estimates are for your criminal history or your offense level or what guideline range he thinks may apply, or for that matter, if Mr. Boente or any investigators or anybody else has given you their estimates as to what guidelines they think may apply or what sentence they think you may get, none of those discussions in any respect bind or limit the probation officer as the officer prepares the pre-sentence report or this Court when it goes to sentence you?  Do you understand that?

> THE DEFENDANT: Yes, I do, ma'am.

> THE COURT: Therefore, if at the time of sentencing the Court uses guideline numbers that may be different from what you are expecting based upon discussions with counsel or somebody else or different from what they were hoping for, that does not give you a basis to withdraw your guilty plea.  Do you understand that?

> THE DEFENDANT: I do.

Id. at 15.

Defendant was also alerted to the appeal waiver provision in his Plea Agreement in which he waived his right to appeal any sentence, as long as the sentence did not exceed the statutory maximum.

> THE COURT: Normally, a defendant in a criminal case has an automatic right to appeal the sentence that is

4

> imposed on him, but if you look at the very bottom of
> page 3 of your plea agreement, the very last sentence,
> and then it goes over to page 4, your plea agreement
> explains to you that you are knowingly waiving, which
> means giving up, your right to appeal any sentence within
> the maximum provided in the statute of conviction on any
> grounds whatsoever in exchange for the concessions made
> by the United States in this plea agreement.
>
> What the language essentially means is that as long
> as this Court does not sentence you to more than 30 years
> of imprisonment followed by five years of supervised
> release and a fine not exceeding $1 million and a special
> assessment not exceeding $200 in this case because you
> have two counts of conviction, you cannot appeal this
> sentence for any reason whatsoever.  Do you understand
> that?
>
> THE DEFENDANT: Yes, ma'am.

Id. at 16.

Despite defendant's answers during the plea colloquy acknowledging that he was giving up his right to appeal his sentence, defendant alleges that his attorney promised to appeal the sentence if the Court enhanced defendant's sentence two levels for sophisticated means.  Defendant acknowledges that AFPD Davis argued against enhancements during the sentencing hearing, however, that after the Court overruled counsel's objections, he failed to appeal the sentencing decision despite defendant's request that he file an appeal.

In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the Supreme Court held that regardless of whether the appeal would have any merit, an attorney who fails to file an appeal, after being instructed by his client to do so, is per se ineffective.  Although the law is clear on the point, the evidence in this record does not

support defendant's claim.  In paragraph 7 of his affidavit, AFPD
Davis refutes the allegation that defendant asked him to notice an
appeal.  Specifically, Davis avers that defendant "never informed
[him] to file a notice of appeal on his behalf subsequent to the
pronouncement of his sentence and counsel never agreed to file such
a notice."  Davis goes on to explain that contrary to what
defendant claims counsel told him, Davis would "never have advised
Mr. Oyename" that he could appeal his sentence despite the waiver
of appeal in the plea agreement, because "such advice would be
contrary to the plain language of the sentencing appeal waiver
provision in the plea agreement."  Id.  Davis also explained that
he cautioned the defendant that if he insisted on fighting the role
enhancement, he would risk losing the three-point reduction to the
offense level for acceptance of responsibility, thereby increasing
his guideline range from 37 to 46 months to 51 to 63 months
incarceration.  Defendant nevertheless insisted on contesting his
role, and as a result, lost the three-point credit due to his own
conduct.  Davis also explained in his affidavit that he and
defendant discussed the tactical advantages of pleading guilty
under a plea agreement that limited defendant's exposure to further
prosecution and capped the loss amount, even if defendant had to
waive his appellate rights in that agreement.  Id.

Davis' explanation of how he interacted with defendant is much
more credible than defendant's description of the events.
Moreover, defendant has not rebutted any of Davis' averments by

6

attaching any evidence to his traverse.   The Court, therefore,
accepts the affidavit of AFPD Davis _in toto_ as the reliable
evidence of record.   That affidavit clearly establishes that
counsel was not ineffective in any of the respects alleged by
defendant.  Specifically, the Court finds that defendant knowingly
and voluntarily waived his right to appeal his sentence and that he
never asked his counsel to appeal the sentence.   Defendant's
unsupported claim to the contrary does not justify the need for an
evidentiary hearing.   For these reasons, defendant's claims
concerning ineffective assistance of counsel will be dismissed.[1]

Defendant's substantive claim will also be dismissed because
defendant agreed not to appeal his sentence, as long as it was
within the statutory maximum.   To the extent defendant tries to
avoid his waiver by citing to the _Blakely_ decision, his argument
fails because the Supreme Court has not held that _Blakely_ applies
retroactively to cases on collateral review.   Moreover, in its
recent _Booker_ decision, that applied _Blakely_ to federal sentencing
practices, the Supreme Court did not extend _Booker_ to cases on
collateral review and all circuit courts considering the issue have

---

[1]  As for defendant's claims that counsel was ineffective at
sentencing by failing to request a downward departure based on
defendant waiving his right to contest deportation and being
ineligible for certain Bureau of Prison benefits due to his alien
status, the government correctly responds that these claims are
not based on law from this circuit.  Counsel does not become
ineffective by making a tactical decision not to raise issues for
which there is no legal support.  Lastly, defendant is using the
§ 2255 motion to circumvent part of the benefit for which the
government properly bargained, finality of judgment and not being
burdened with meritless post-conviction litigation.  _See_, _United
States v. Lemaster_, 403 F.3d 216, 219-220 (2005).

7

declined to apply <u>Booker</u> retroactively.  <u>See, e.g.</u>, <u>In re Olopade</u>, 403 F.3d 159, 162-163 (3d Cir. 2005); <u>United States v. Humphress</u>, 398 F.3d 855, 860 (6th Cir. 2005); <u>Bey v. United States</u>, 399 F.3d 1266, 1269 (10th Cir. 2005); <u>Vareta v. United States</u>, 400 F.3d 864, 868 (11th Cir. 2005).

For all these reasons, defendant's Motion under § 2255 will be DISMISSED WITH PREJUDICE by an appropriate order which will be issued with this Opinion.

The Clerk is directed to forward copies of this Memorandum Opinion to defendant, <u>pro se</u> and counsel of record.

Entered this 10th day of May, 2005.


                                  _____/s/_____
                                  Leonie M. Brinkema
                                  United States District Judge


Alexandria, Virginia

8